# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROGER E. BARBER,**

        Petitioner,

v.                                                          **Case No. 03-C-1354**

**JOHN E. BETT,**

        Respondent.

## ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

Roger E. Barber ("Barber") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, Barber seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Barber's petition was previously screened by the Honorable Charles N. Clevert, who ordered the respondent to answer two of the claims raised in the petition. This case was transferred to this court upon all parties' consent to the full jurisdiction of a magistrate judge. This court has previously denied Barber's motion to appoint counsel. The pleadings on Barber's petition are now closed and the matter is ready for resolution.

## STANDARDS OF REVIEW

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in <u>Williams v. Taylor</u>, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary

to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however, is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under section 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence."

§ 2254(e)(1). Rice v. Collins, --- U.S. ---, 126 S.Ct. 969, 974 (2006) (citing Miller-El v. Dretke, 545 U.S. 231, ---, 125 S.Ct. 2317, 2325 (2005)).

And finally, if the petitioner demonstrates constitutional error under section 2254(d), he still may not be entitled to habeas relief where such error is deemed harmless; that is, the error could not have had a substantial and injurious effect or influence on the jury's verdict. O'Neal v. McAninch, 513 U.S. 432, 436 (1995) (internal citations omitted).

With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the issues raised by Barber.

## ANALYSIS

The following facts are contained in the unpublished court of appeals' decision in State v. Barber, dated February 23, 1999 (Nos. 97-3778-CR and 97-3780-CR): Two residential burglaries were committed in the summer of 1994 and fingerprints from each of those scenes were matched to Barber. On September 22, 1994, Barber was charged in separate informations with each of the burglaries. The victim of one of the burglaries was a Milwaukee Police officer. The charges were joined for trial, and in a jury trial that was conducted in September of 1996, part of Barber's defense was that the Milwaukee Police Department had a motive to fabricate evidence against him because of Barber's prior involvement with the Milwaukee Police Department as a confidential informant. That trial resulted in a hung jury.

At a retrial in January of 1997, Barber again moved to sever the charges for trial but was again denied. Barber also attempted to testify that the Milwaukee Police Department had a motive to fabricate evidence against him but the trial court excluded the testimony finding that it was irrelevant. The jury convicted Barber. On appeal, the court of appeals held that the charges could be properly joined for trial. However, the court held that Barber should have been able to present evidence regarding the Milwaukee Police Department's motive to fabricate evidence against him, and therefore the court ordered a new trial.

According to the chronology set forth in a subsequent unpublished per curiam court of appeals' decision dated April 3, 2003 (No. 02-0545-CR), the court of appeals remitted the case to the trial court on June 8, 1999. However, no further action was taken on the case until an assistant district attorney contacted the court on January 10, 2001 to inquire about the status of the case. Over Barber's objection, the case proceeded to trial. At trial, a fingerprint expert was unavailable to testify because he had retired years earlier. Over the defendant's objection, the court permitted another fingerprint expert to testify in his place. Barber was convicted of one of the two charges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Judge Clevert dismissed two grounds raised by Barber in his petition on the basis that they were not cognizable in a federal habeas petition. However, Judge Clevert ordered the respondent to answer Barber's claims that the delay between the court of appeals' remittitur and his retrial violated his constitutional right to a speedy trial and that the government's failure to disclose its substitute witness until the day of trial violated Barber's due process rights.

In his petition and accompanying memorandum, Barber phrases his challenge to the government's failure to disclose the substitution of its witness as entirely a matter of Wisconsin statutory law. Petitioners are not entitled to federal habeas relief based upon violations of state law. See Estelle v. McGuire, 502 U.S. 62, 72-73 (1991). At no point has Barber ever alleged that this late disclosure violated the United States Constitution. In requiring the respondent to answer, Judge Clevert merely recognized that this was a possible constitutional challenge and therefore dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases was inappropriate.

However, at this point it is clear that to the extent that it is possible that Barber may have been able to phrase the prosecutions' late disclosure as a constitutional matter, he has failed to exhaust state remedies as to this claim. Therefore, Barber is not entitled to relief on this claim. 28 U.S.C. § 2254(b)(1)(A) and (c); Rose v. Lundy, 455 U.S. 509, 513-19 (1982).

-4-
Case 2:03-cv-01354-AEG   Filed 01/03/07   Page 4 of 5   Document 25

As for Barber's claim that the delay in his retrial violated his due process rights, the court of appeals weighed the four factors set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972), and determined that there was no constitutional violation. Although the reason and length of delay weighed in favor of Barber, the court concluded that these factors were outweighed by the fact that Barber never asserted his right to a speedy trial and there was no evidence to indicate that Barber was, in any way, prejudiced by the delay. This court is not able to say that the court of appeals' decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. Thus, Barber is not entitled to federal habeas relief. See § 2254(d).

**IT IS THEREFORE ORDERED** that Barker's petition for a writ of habeas corpus is **denied**. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of January, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
